Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO Y ORIENTAL BANK<br><br>PETICIONARIOS<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DEL HONORABLE DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO DE JUSTICIA<br><br>RECURRIDO | KLCE202500031 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2023CV03838<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

## SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2025.

### I.

El 13 de enero de 2025, la Cooperativa de Seguros Múltiples y Oriental Bank (parte peticionaria) presentó la *Petición de Certiorari* solicitando que revoquemos la *Resolución* emitida y notificada digitalmente el 8 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario).[1] En el referido dictamen, el TPI declaró No Ha Lugar una *Moción de Sentencia Sumaria* presentada por la parte peticionaria alegando que el Estado Libre Asociado de Puerto Rico (Estado o parte recurrida) no notificó la confiscación de un vehículo de motor dentro del término establecido para ello.

El 25 de noviembre de 2024, la parte peticionaria presentó *Moción Solicitando Reconsideración a Resolución.*[2]

---

[1] Apéndice del *Certiorari*, Anejo XIII, págs. 75-80.
[2] Íd., Anejo XIV, págs. 81-86.

El 13 de diciembre de 2024, el TPI declaró No Ha Lugar la *Moción Solicitando Reconsideración a Resolución.*[3]

De dicha determinación comparecen ante nos.

El 16 de enero de 2025, emitimos una *Resolución* en la que le concedimos diez (10) días a la parte recurrida para presentar su oposición.

El 31 de enero de 2025, la parte recurrida radicó *Escrito en cumplimiento de Resolución* solicitándonos que devolvamos el caso ante el foro primario por incumplir con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso de epígrafe, y, en adelante, pormenorizaremos los hechos procesales atinentes a la *Petición de Certiorari.*

**II.**

El caso de marras tuvo su génesis el 17 de noviembre de 2023, cuando el Estado, por conducto de la Junta de Confiscaciones, le notificó a la parte peticionaria que confiscó el 8 de octubre de 2023 el vehículo de motor marca Nissan modelo Armada del año 2018 tablilla IYS-326, por ser empleado para infringir el Art. 6.09 de la *Ley de Armas de Puerto Rico de 2020,* Ley Núm. 168 del 2019, según enmendada, 25 LPRA sec. 466h, (Ley Núm. 168-2019), el Art 6.22 de la referida ley, *supra* sec. 466u, Art. 401 de la *Ley de Sustancias Controladas de Puerto Rico,* Ley Núm. 4-1979, según enmendada, 24 LPRA sec. 2401 y el Art. 412 de la referida ley, *supra* sec. 2412. En esa misma misiva, el Estado le notificó a la parte peticionaria que el 30 de octubre de 2023, expidieron una *Orden de Confiscación* y que el vehículo confiscado fue tasado y se le adjudicó el monto de dieciséis mil dólares ($16,000.00).[4]

---

[3] Íd., Anejo XVII, pág. 93.
[4] Íd., Anejo I, págs. 6-8.

El 30 de noviembre de 2023, la parte peticionaria presentó una *Demanda* alegando que la confiscación fue nula debido a que la parte recurrida incumplió con los requisitos procesales que establece la *Ley de Confiscaciones*, Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et. seq* (Ley Núm. 119-2011). En esa línea, la parte peticionaria adujo que no fue notificada dentro del término jurisdiccional al ser una parte con interés tras haber expedido una póliza de seguro y tener un gravamen mobiliario sobre el vehículo confiscado.[5]

El 7 de diciembre de 2023, la parte peticionaria radicó *Moción Consignando Fianza Documental* en que informó su interés en consignar una fianza (Núm. 0027365) para la devolución del vehículo confiscado, expedida por Antilles Insurance Company, por el monto de dieciséis mil dólares ($16,000.00) a nombre del TPI en concepto del valor de tasación adjudicado por el Estado al vehículo confiscado. A su vez, solicitó que el TPI ordenara al Estado que no dispusiera del vehículo mientras se dilucidaba la procedencia de la consignación de la fianza.[6]

El 8 de diciembre de 2023, el foro primario emitió una *Orden* la cual le concedió a la parte recurrida un término de diez (10) días para expresarse en torno a la fianza consignada y la devolución del vehículo.[7]

Tras varios trámites procesales, el 2 de enero de 2024, el Estado radicó la *Contestación a Demanda* en la cual arguyó que le asiste una presunción de corrección conforme la Ley Núm. 119-2011, *supra,* con relación a la confiscación impugnada por la parte peticionaria. Asimismo, adujo que la parte peticionaria no había demostrado tener legitimación activa sobre el vehículo confiscado.[8]

---

[5] Íd., Anejo I, págs. 1-8.
[6] Íd., Anejo II, págs. 9-15.
[7] Íd., Anejo III, pág. 16.
[8] Íd., Anejo IV, págs. 17-25.

El 8 de enero de 2024 el TPI emitió una *Orden* señalando para el 9 de abril de 2024 una vista sobre si la parte peticionaria tenía legitimación activa para poder participar en el pleito.[9]

El 23 de enero de 2024, la parte peticionaria radicó *Moción sometiendo documentos sobre legitimación activa* la cual presentó varios documentos en que sostuvo que no carecía de legitimación activa para cuestionar la confiscación del vehículo.[10]

Además, ese mismo día, radicó *Moción solicitando que se dicte Sentencia Sumaria por notificación tardía* la cual alegó que no fue notificada dentro del término requerido de treinta (30) días siguientes a la confiscación del vehículo de motor a tenor con el Art. 13 de la Ley Núm. 119-2011, *supra* sec. 1724j, al ser una parte con interés sobre el vehículo confiscado. Cónsono con lo anterior, la parte peticionaria adujo que, la confiscación del vehículo en controversia ocurrió el 8 de octubre de 2023. No obstante, alegó que el Estado debió notificarle el 7 de noviembre de 2023 sobre la confiscación del vehículo del motor y no el 17 de noviembre de 2023. Asimismo, alegó que la parte recurrida no indicó el propósito por el que fue confiscado el vehículo de motor por lo que incumplió con el requisito jurisprudencial esbozado en **Reliable Financial Services v. ELA**, 197 DPR 289. En fin, solicitó al TPI que, al no existir controversia real sustancial de hechos, debía declararse nula la confiscación toda vez que la notificación de la confiscación fue realizada fuera del término estatutario.[11]

El 9 de abril de 2024, el foro primario celebró la vista sobre legitimación activa. Le concedió al Estado veinte (20) días para presentar su oposición a la *Moción solicitando que se dicte Sentencia Sumaria por notificación tardía* presentada por la parte peticionaria.

---

[9] Íd., Anejo V, pág. 26.
[10] Íd., Anejo VI, págs. 27-39.
[11] Íd., Anejo VIII, págs. 43-54.

A su vez, se solicitó que se desistiese, sin perjuicio, en cuanto a la Cooperativa de Seguros Múltiples y se reconoció la legitimación activa de la parte peticionaria.[12]

Ese mismo día, notificada el 10 de abril de 2024, el TPI emitió una *Resolución*[13] en la cual consignó que el día de la vista los siguientes documentos fueron marcados como exhibits:

> Exhibit 1: Contrato de Venta a por menor a plazos.
> Exhibit 2: Carta de notificación de la confiscación con fecha del 17 de noviembre de 2023.
> Exhibit 3: Certificado de título expedido el 12 de mayo de 2023 con gravamen de venta condicional registrado a favor de Oriental Bank and Trust.
> Exhibit 4: Póliza de Seguros Múltiples con endoso de confiscación.[14]

En síntesis, resolvió que la parte peticionaria tenía legitimación activa en el caso. Asimismo, acogió la petición de Oriental Bank en desistir sin perjuicio la *Demanda* en cuanto a la Cooperativa de Seguros Múltiples. Además, ordenó al Estado que devolviese el vehículo de motor confiscado toda vez que la parte peticionaria presentó la fianza correspondiente conforme la Ley Núm. 119-2011, *supra*.

Simultáneamente, el foro primario emitió una *Sentencia Parcial*, notificada el 10 de abril de 2024, desestimando sin perjuicio la *Demanda* en cuanto a la Cooperativa de Seguros Múltiples a tenor de la Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2.[15]

El 17 de abril de 2024, la parte recurrida presentó una *Oposición a Moción en solicitud de Sentencia Sumaria*[16] la cual alegó que los siguientes hechos no están en controversia:

> [5.] La demanda de epígrafe se origina por la ocupación llevada a cabo el 8 de octubre de 2023 y obedeció a que el vehículo de motor marca Nissan, Armada, tablilla IYS-326, del año 2018, fue utilizado en violación a los Artículos 6.09 y 6.22 de la Ley de Armas de Puerto Rico 401 y 412 de la Ley de Sustancias Controladas en el municipio de Carolina, Puerto Rico.

---

[12] Íd., Anejo VIII, págs. 55-59.
[13] Íd., págs. 58-59.
[14] Íd., pág. 58.
[15] Íd., Anejo X, págs. 60-61.
[16] Íd., Anejo XI, págs. 62-73.

[6.] La Orden de Confiscación fue emitida el 30 de octubre de 2023 donde se indica que el vehículo fue utilizado en violación al Artículo 512 de la Ley de Sustancias Controladas de Puerto Rico y a los Artículos 6.09 y 6.22 Ley de Armas en Carolina, Puerto Rico.[17]

En la *moción*, el Estado sostuvo que, en la *Hoja de Inventario* emitida el 26 de septiembre de 2023, se expresó que el vehículo fue ocupado para ser investigado. Consecuentemente, a partir de la ocupación del vehículo, el Estado tenía el término de noventa (90) días para culminar su investigación. En esa línea indicó que, una vez concluido el término de noventa (90) días para investigar, este tenía treinta (30) días para notificarle a la parte peticionaria sobre la confiscación. Por ende, el Estado emitió la *Orden de Confiscación* el 24 de octubre de 2023, notificada el 30 de octubre de 2023, indicando que el vehículo de motor fue confiscado. Así las cosas, adujo que el 17 de noviembre de 2023, dentro del término de treinta (30) días, le notificó a la parte peticionaria sobre la confiscación. En fin, alegó que no procedía la moción de sentencia sumaria presentada por la parte peticionaria.

El 8 de noviembre de 2024, el TPI emitió una *Resolución* en que declaró No Ha Lugar la *Moción solicitando que se dicte Sentencia Sumaria por notificación tardía* presentada por la parte peticionaria. El foro primario resolvió que, el Estado cumplió con los términos establecidos puesto que transcurrido los noventa (90) días que tenía para culminar su investigación, notificó dentro del término requerido, la confiscación del vehículo de motor.[18] Además, el foro primario aludió que la parte recurrida cumplió con los términos establecidos procesalmente con relación a la notificación del vehículo confiscado. No formuló determinaciones de hechos en controversia.

---

[17] Íd., pág. 63.
[18] Íd., Anejo XIII, págs. 75-80.

El 25 de noviembre de 2024, la parte peticionaria presentó *Moción Solicitando Reconsideración a Resolución* alegando que el Estado no realizó expresiones con relación a la investigación efectuada relacionada al vehículo de motor. Además, adujo que contrario a la prueba sometida por el Estado, el vehículo de motor fue ocupado para ser confiscado incumpliendo con el Art. 9 y Art. 10 de la Ley Núm. 119-2017, *supra.* Por último, solicitó que declarara nula la confiscación y reconsidere la *Resolución* emitida.[19]

Tras varios incidentes procesales, el 13 de diciembre de 2024 el TPI emitió una *Orden* en que declaró No Ha Lugar a la *Moción de Reconsideración.*[20]

Inconforme con la determinación, la parte peticionaria acude ante nos señalando que el TPI cometió los siguientes errores:

> Erró el TPI al dictar resolución denegando la solicitud de sentencia sumaria al concluir que en el presente caso el Estado demostró contar con el término de notificación más amplio para notificar la confiscación a las partes interesadas.

> Erró el TPI al concluir que la prueba sometida ante su consideración logró establecer que el dueño o poseedor de la propiedad fueron debidamente apercibidos que la propiedad fue incautada para un propósito investigativo relacionado a la actividad delictiva notificada.

En apretada síntesis, la parte peticionaria alegó ante nos que el Estado incumplió en demostrar el motivo de la investigación por el cual retuvo el vehículo de motor. Por ende, el TPI erró en su conclusión puesto que no quedó evidenciada la alegada prueba que ameritaba retener el vehículo. Además, arguyó que no era posible concluir que la investigación del vehículo inició el 26 de septiembre de 2024 al no quedar demostrado en algún documento. Asimismo, aludió que la fecha en que el vehículo fue ocupado no coincide con la fecha en que comenzó la investigación. Cónsono con lo anterior, señalan que el Estado debía notificar la confiscación a partir de la ocupación y no desde que se emitió la *Orden de Confiscación.*

---

[19] Íd., Anejo XIV, págs. 81-86.
[20] Íd., Anejo XVII, pág. 93.

Además, la documentación presentada junto a la *Oposición a la Moción de Sentencia Sumaria* no fue adecuada para refutar los hechos que no están en controversia. En fin, solicitó que revoquemos la *Resolución* recurrida a causa de que el Estado se excedió en notificar con relación a la confiscación.

El 31 de enero de 2025, el Estado presentó *Escrito en cumplimiento de resolución* en la que solicitó que devolviéramos el caso ante el TPI para que cumpliera con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. Argumentó que, como cuestión de umbral, el foro primario no incluyó los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. Es por ello, que nos solicitó que devolvamos el caso al foro primario para que cumpla con lo establecido en la referida regla.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad

para expedir el auto de *certiorari* sobre materia civil.[21] ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario v. McNeill Healthcare LLC,*** *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez v. Torres Ghigliotty,*** 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del

---

[21] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Tribunal de Apelaciones, *supra,* R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari.*[22]

**B.**

La Regla 36.1 de Procedimiento Civil, *supra*, R. 36.1, establece que:

> Una parte que solicite un remedio podrá presentar, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.

La sentencia sumaria es un mecanismo procesal disponible para resolver controversias en donde no se requiere la celebración de un juicio. ***Ramos Pérez v. Univisión***, 178 DPR 200, 213 (2010). Con este mecanismo procesal se facilita la solución justa, rápida y económica de los litigios civiles cuando éstos no presentan controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. ***Luan Invest. Corp v. Rexach Const. Co.***, 152 DPR 652, 655 (2000). La parte que promueve la sentencia sumaria debe demostrar su derecho con claridad y que no existe controversia sustancial sobre algún hecho material. ***González Aristud v. Hosp. Pavia***, 168 DPR 127 (2006).

---

[22] Esta Regla dispone lo siguiente:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

Sin embargo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). Por su parte, la Regla 36.2 de Procedimiento Civil, *supra*, R. 36.2, dispone que la parte promovente deberá establecer, con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia. Además, según la Regla 36.3 de Procedimiento Civil, *supra*, R. 36.3, tendrá que desglosar, en párrafos numerados, los hechos respecto a los cuales aduce que no existe disputa, así como especificar la página o párrafo del documento que sirva de apoyo a su alegación.

La persona que se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada y está obligada a contestar de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversial real y sustancial que debe dilucidarse en el juicio. *Ramos Pérez v. Univisión*, supra, pág. 215; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986). Es decir, el promovido ante una solicitud de sentencia sumaria tiene el deber de controvertir la prueba presentada por la parte promovente de la moción. Este no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. Regla 36.3 (c) de Procedimiento Civil, supra, R. 36.3; SLG Zapata Berríos v. JF Montalvo, supra; Ramos Pérez v. Univisión, 178 DPR 200 (2010). Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'".

*Flores v. Municipio de Caguas*, 114 D.P.R. 521, 525 (1983).

En otros términos, de existir controversias de hechos que impiden dictar una sentencia sumaria, el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos en la moción en oposición, así como los que obren en el expediente del tribunal. *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007). Entretando, la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4 dispone que:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

La aplicación de la antedicha regla procede cuando: (1) no se dicta sentencia sumaria sobre la totalidad del pleito, (2) no se conceda todo el remedio solicitado y (3) se deniega la moción de sentencia sumaria presentada. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, 203 DPR 687, 696-697 (2019). En las mencionadas circunstancias el tribunal deberá consignar los hechos sobre los cuales no existe controversia, por ser innecesario pasar prueba sobre estos durante el juicio. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, supra, pág. 696-697. Por ende, lo dispuesto en la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4, es exigible cuando se deniega total o parcialmente una moción de sentencia sumaria. *Pérez Vargas v. Office Depot/ Office Max, Inc.*, supra, pág. 704. El TPI está facultado para declarar la moción "sin lugar" pero tomará ciertas providencias que facilitaran la

tramitación ulterior del litigio. R. Hernández Colon, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed.rev, LexisNexis, 2017, pág. 322. El propósito de consignar los hechos controvertidos como los incontrovertidos es relevar a las partes de pasar prueba sobre estos últimos durante el juicio en su fondo. ***Pérez Vargas v. Office Depot/ Office Max, Inc.***, supra, pág. 704. Al celebrarse el juicio, se consideraran probados los hechos así especificados y se procederá de conformidad. ***Rosario Ortiz v. Nationwide Mutual Ins. Co***, 158 DPR 775, 779 (2003).

De otra parte, en ***Meléndez González et al. v. M. Cuebas***, 193 DPR 100, 118-119 (2015), el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria. En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una de novo y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, supra, y los criterios que la jurisprudencia le exige al foro primario. ***Meléndez González et al. v. M. Cuebas***, supra. pág. 118. Asimismo, deberá examinar el expediente de la manera más favorable hacia la parte promovida, llevando a cabo todas las inferencias permisibles a su favor. Íd. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia. Íd. En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra. Íd. En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en

realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. Íd. En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar de novo si el foro primario aplicó correctamente el Derecho. ***Meléndez González et al. v. M. Cuebas***, supra. pág. 119.

**IV.**

En el caso de marras, el TPI emitió una *Resolución* declarando No Ha Lugar la *Moción que se dicte Sentencia Sumaria por notificación tardía* presentada por la parte peticionaria. Empero en la referida *Resolución* el foro primario omitió precisar los hechos en controversia y los hechos que de buena fe no están en controversia.

Inconforme con el dictamen, la parte peticionaria argumentó que procedía declarar Ha Lugar la referida *moción* puesto que no hay controversia en cuanto a que el Estado infringió el término establecido para notificar la confiscación del vehículo.

La parte recurrida reconoce que el dictamen del TPI incumple con el ordenamiento vigente.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que el foro primario erró en emitir la *Resolución* recurrida toda vez que incumplió con la Regla 36.4 de Procedimiento Civil, *supra*.

Dicha regla, palmariamente dispone que si se deniega una moción de sentencia sumaria "será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia

sustancial y los hechos esenciales y pertinentes que están realmente de buena fe controvertidos". (Subrayado nuestro). Regla 36.4 de Procedimiento Civil, *supra*.

En la *Resolución* recurrida el TPI incumplió con lo requerido toda vez que omitió precisar los hechos que estaban en controversia y que le impedían resolver sumariamente el caso y los que no estaban en controversia. Dicha omisión nos impide realizar nuestra función revisora sobre los méritos de la determinación.

Por todo lo anterior, resulta menester intervenir toda vez que la disposición de la *Resolución* recurrida es contraria a derecho ante el incumplimiento con lo establecido en la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. Por lo cual, procede expedir el auto de *certiorari* y, por los fundamentos pormenorizados precedentemente, revocar la determinación recurrida, procede devolver el caso al TPI para que emita un dictamen conforme a derecho.

**V.**

Por los fundamentos pormenorizados, se *expide* el auto de *certiorari,* se *revoca* la *Resolución* recurrida y devolvemos el caso ante el TPI para que emita una *Resolución* en estricto cumplimiento con lo requerido por la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones